ROHN *v*. STATE OF INDIANA.

[No. 30,927. Filed December 1, 1967.]

*Byrl L. Eltzroth*, and *Richard D. Bray*, of Martinsville, for appellant.

*John J. Dillon*, Attorney General, and *Raymond I. Klagiss*, Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from an interlocutory order appointing appraisers in a condemnation action brought

by the State of Indiana for right-of-way purposes against the appellant.

The record shows the State of Indiana filed its complaint on August 18, 1965. Summons was issued on the same day and served on the appellant on August 19, 1965, and on September 9, 1965, appellant appeared by counsel and thereafter filed written objections to the State's complaint. The matter was set down for argument and upon appellant's request, taken off of the court's calendar thereafter.

The State then asked for and was granted leave to amend its complaint with reference to the description in the real estate, the defect having been pointed out in the objections filed. Following this, the appellant filed additional objections to the amended complaint, basically restating the substance of the prior objections to the amended complaint. To this second set of objections the State filed a demurrer, pointing out that the matters set up in the objections were not legally sufficient. The objections in substance denied that "it is necessary and proper that plaintiff take an easement over her real estate . . ." She denies "that the residue of the real estate of the defendant would be benefitted . . . that said effort to purchase was not bona fide and says that the amount offered was so inconsistent with the true value of the land over which the easement is sought that the offer of the plaintiff was spurious and capricious." The court overruled the objections and found for the State and appointed appraisers. However, thereafter the appellant filed a motion to correct the record, stating therein that the defendant was not, in fact, notified of the hearing. In said motion the defendant asked the court to correct the judgment to read as follows:

"On the 12th day of January, 1966, the plaintiff being represented by the Attorney General, John J. Dillon, and Deputy Attorney General, Robert Hassett, and it appearing to the Court that the defendant was duly served with notice of the proceedings herein, which notice was returnable on 9/9/65, and it further appearing that said defendant entered her appearance herein on said date and the Judge

of the Court having examined the complaint and the objections heretofore filed by the defendant herein and being duly advised in the premises, now finds that the plaintiff's complaint is proven and true and that said plaintiff is entitled to condemn and appropriate the strip of land described in the complaint for highway purposes as alleged in said complaint, which land so appropriated is described as follows: (H. I.)

"And it is further found that three disinterested freeholders of said county should be appointed as appraisers to view said real estate and assess the damages, if any, to which defendant may be entitled.

"It is therefore ordered and adjudged that said real estate as above described should be, and is, here by condemned for uses and purposes as described in the complaint and James Gardner, Hugh Kersey, and Shirley Ratliff, three disinterested freeholders of Morgan County, Indiana, are now appointed to assess the damages and benefits, if any, which said Mary E. Rohn, defendant herein, respectively, may sustain by reason of the highway improvement as proposed in said complaint, and said appraisers are now ordered and directed to meet in a body at the office of the Clerk of this Court on the 14th day of January, 1966, at 9:30 o'clock A.M., on said date, and after being duly sworn by said clerk according to law, and after having been instructed by the Court as to their duties, to proceed in a body to the premises of said defendant and view the land to be condemned as hereinbefore described and to file their report with the clerk of this Court, as to the amount of damages, if any, and benefits, if any, resulting to defendant by reason of the appropriation as by law provided, on or before the 21st day of January, 1966 at 9:30 o'clock, A.M., on said date.

"It is further ordered that the clerk shall issue to said appraisers a certified copy of this order, which shall be their warrant and upon which they shall proceed to assess said damages and benefits, if any, and to report to said clerk as aforesaid."

The court sustained appellant's motion to correct the record and entered judgment as requested by the defendant below and appellant here.

Counsel for the State complain that appellant's brief does not comply with Supreme Court Rule 2-17 in that the appellant merely states principles of law, giving quotations and

citations, but does not apply such principles under the points and authorities to particular facts which it contends constituted erroneous rulings. There may be some basis for the State's contention in this particular as we review the brief. However, we have, so far as possible, attempted to consider the points raised on their merits. We find that the court properly overruled the objections filed. As to other contentions made by the appellant, among them being that the court actually had no hearing on the complaint, we find no merit.

The appellant is bound by his petition to correct the judgment record in which he asked the court to enter the judgment as set forth in his petition. This the court did verbatim. This judgment states a finding and "that the plaintiff's complaint is proven and true and that the plaintiff is entitled to condemn and appropriate" the land described therein. We find the trial court committed no error in the record presented to us.

The judgment is affirmed.

Lewis, Mote and Hunter, JJ., concur.

Jackson, C. J., concurs in result.

NOTE.—Reported in 231 N. E. 2d 236.